Flora L. Lewis  
vs.     Eq. No. 10968.  
Carlo Arlia, et al.

July 5, 1933.

WALSH, J. Heard on bill, answer and proof.

This is a bill seeking to quiet the title to four lots of land situated on Douglas Avenue in the City of Providence. The petitioner claims title under a foreclosure of an alleged second mortgage and, also, as a purchaser un-

der a tax title of three of the lots aforesaid. The respondent Arlia claims title to one of said lots designated as lot No. 19. The respondents Fazzi were joined because the record title of the first mortgage, which complainant claims should be discharged, stands in them. Arlia is joined because he claims certain rights in the premises under said first mortgage and also because he claims title to said lot No. 19 under an alleged agreement for the purchase and sale of said lot made with one Giustino De Benedictis, former holder of the record title to said lot No. 19 and also lots 20, 21 and 22. De Benedictis died in November, 1932, and there is no evidence before us of an appointment of either an executor or administrator of his estate.

The facts introduced before us are as follows: Arlia and De Benedictis entered into an agreement, dated July 27, 1929, for the purchase and sale of Lot No. 19 free and clear of all encumbrances for the sum of $3,400; at that time, on lot No. 19, there stood a dwelling house, partially destroyed by fire; at the time of the agreement, the Fazzis held a first mortgage on all four lots in the sum of $4,000; Arlia paid De Benedictis $350 on account of the purchase price; on September 14, 1929, De Benedictis paid to the Fazzis $1,000 on account of principal on said first mortgage; the balance of said first mortgage was paid by six drafts on insurance companies, three delivered July 8, 1930, totalling $1,771.23, and three delivered July 30, 1930, totalling $1,978.77; these drafts were payable to the Fazzis and Arlia, were endorsed by Arlia and delivered to the Fazzis; the Fazzis gave a check for $506.25 to Mr. Helford, attorney for Arlia, and retained for principal and interest on said first mortgage the sum of $3,-243.75; Mr. Helford received a discharge of said first mortgage from the Fazzis; Arlia refused to record this discharge and demanded a transfer of said first mortgage to himself which the Fazzis refused to execute and deliver to him.

In the meantime, on August 31, 1929, when Arlia claims the agreement to purchase and sell lot No. 19 was still in full force, De Benedictis caused to be executed four documents involving not only lot No. 19 but the adjoining vacant lots, numbers 20, 21, 22. These were: (1) deed from De Benedictis to De Sabato, conveying the four lots; (2) a mortgage note from De Sabato to Miller (assignor of complainant); (3) a mortgage deed, securing said note, from De Sabato to Miller, and (4) deed from De Sabato to Arlia of said *four* lots, subject to encumbrances. Some time in October, 1929, De Benedictis delivered the deed of the *four* lots to Arlia and Arlia has never recorded this deed. On October 18, 1929, Miller executed a transfer to the complainant of the mortgage deed (Ex. A) and the mortgage note (Ex. C) and received from her the sum of $2,200. The transfer was delivered and the money was received by De Benedictis. At some time during these proceedings, Arlia claims that he took possession of lot No. 19 and the building thereon and expended about $1,400 in repairing the damage caused by a fire loss.

Arlia claims that the transfer and delivery to complainant were made *after the maturity of the mortgage note*, to-wit, after October 1, 1929, and that at the time of said transfer, complainant had actual notice of the equities of Arlia in lot No. 19.

Mrs. Lewis is not a purchaser for value without notice of Arlia's rights in lot No. 19. De Benedictis deposes *that he informed her about his agreement with Arlia* and she does not deny that he did so. She had experience with De Benedictis in similar transactions and trusted De Benedictis. She made no inquiry about Arlia's agreement, apparently did not seek

any information about his possession of the property or his payment for repairs on the property after the fire. De Benedictis' statement to her about his sale of lots to Arlia should have put her on inquiry.

Harris vs. Arnold, 1 R. I. 126.

Mrs. Lewis is therefore not entitled to the protection of Gen. Laws 1923, Chap. 297, because of the notice of equities in Arlia before and at the time she negotiated the transfer of the mortgage to herself. As assignee of the mortgage, she takes subject to whatever rights Arlia had as against her assignor.

41 C. J. 695, sec. 715-718.

It is true that Arlia received a deed for the four lots, kept it and did not record it. The testimony shows, however, that his only claim was for one lot and the building thereon and that he voiced his dissent to the terms of the deed. While the delivery of a deed raises a presumption of its acceptance by the grantee, this presumption may be rebutted and overcome by showing an intention not to accept. An intelligent assent to the tendered bargain is necessary.

We, therefore, find as a fact that the deed from De Sabato to Arlia was not accepted by Arlia, hence it cannot be construed as an acceptance by him of the property described subject to the Miller mortgage.

From the above, therefore, we are forced to conclude that the petitioner is bound by knowledge of Arlia's equity in the property conveyed under the assignment to her. Arlia's situation at that time was that he had spent about $1,750 on the property in the form of a deposit to De Benedictis of $350 and $1,400 for repairs. He had agreed to pay $3,400 for the property. If he still desires a transfer to himself of lot No. 19, he may have such a transfer upon payment to petitioner of the sum of $1,650, balance of the purchase price; if he desires to hold the four

lots conveyed to him by the De Sabato deed, he may record the deed subject to the second mortgage now held by petitioner. He may make his election before the entry of final decree in this case.

And now we come to the claim of Arlia that he is entitled to an assignment of the first or Fazzi mortgage which was paid from proceeds of fire insurance policies. If Arlia persists that he is the owner of lot 19 only, he bought that lot on the distinct understanding that the Fazzi mortgage was to be paid, said Fazzi mortgage containing a covenant to insure the premises for the benefit of the mortgagee. If he claims under the De Sabato deed title to four lots, that deed is subject to both Fazzi and Miller mortgages, both containing covenants to insure. Arlia was bound by the terms of the Fazzi mortgage in either case. The purpose of a covenant to insure is to provide for the payment of the mortgage if the buildings are destroyed and the security impaired. The second mortgagee is entitled to have any surplus after satisfaction of the first mortgage applied to the second mortgage.

A purchaser of land cannot buy subject to a mortgage and then because he obtains a sum of money in place of the tangible buildings which are collateral for the payment of the debt, convert an obligation to pay the mortgage debt into a right to recover payment of that same debt. Our statute enables a debtor to borrow without being compelled to discharge an old mortgage and to execute and record a new one. It does not allow a debtor to deprive junior encumbrances of their security by securing an assignment of the senior encumbrance to himself.

Pomeroy's Equity Jurisprudence, 4th ed., Vol. 3, secs. 1205 and 1206.

It is quite clear that Arlia assumed to pay the Fazzi mortgage as part of

the purchase price of whatever property he bought. If Arlia had paid the Fazzi mortgage in cash, we might look favorably upon his claim that he is entitled to an assignment but where the first mortgage is paid from the proceeds of collateral pledged for the payment of encumbrances of record, we do not feel that the debtor is entitled to an assignment where such assignment would operate to deprive holders of junior mortgages of their security.

We think, therefore, that the Fazzi mortgage should be cancelled and discharged on the record; that the title to the four lots in question is in complainant subject to the option of Arlia as herein set forth; that the sum of $506.25 paid to Aaron Helford as attorney for Arlia should be paid by Arlia to the complainant; that upon payment of said sum of $506.25 to complainant, it shall be credited to account of principal and interest on the Miller mortgage; that respondent, Arlia, is permitted to redeem the four lots on payment of the balance due under the Miller mortgage.

A decree may be presented in accordance with this rescript.

For complainant: Swan, Keeney & Smith.

For respondents: Pettine, Godfrey & Cambio; George F. Troy; Curran, Hart, Gainer & Carr.